UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK N. JARVIS, <br><br> Plaintiff, <br><br> v. <br><br> TRADER JOE'S, <br><br> Defendant. | Civil Action No. 21-10198-LTS |

ORDER OF TRANSFER

June 16, 2021

SOROKIN, D.J.

Pro se plaintiff Derek N. Jarvis, who represents that he lives in Silver Spring, Maryland, has filed a civil rights complaint (ECF #1) in which he alleges that Trader Joe's unlawfully discriminated against him when he was shopping at a Trader Joe's store in Virginia. Jarvis states that he is bringing this action in Massachusetts because "'Trader Joe's' Headquarter's on the East Coast, is located in Boston, Massachusetts." Compl. at 3. For the reasons stated below, the Court will order that this action be transferred to the United States District Court for the Eastern District of Virginia.

Jarvis identifies himself as an "indigenous American of Cherokee tribes." Id. According to Jarvis, when he was shopping at Trader Joe's in Alexandria, Virginia on June 26, 2020, a white male employee harassed him for "his face mask not being a certain style or type of the store." Id. at 4. "However, Plaintiff Jarvis witnessed several staff without a mask on and other White patrons with masks the same as Plaintiff Jarvis's." Id. Jarvis asserts that he "was singled out because of his race and told to leave the facility." Id.

The Court will order that this action be transferred to the United States District Court for the Eastern District of Virginia because venue is more suitable in that district than it is in the District of Massachusetts. The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.

The general venue statute provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a defendant corporation is deemed to reside "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). To the extent that Trader Joe's resides in Massachusetts with respect to this action, venue exists in the District of Massachusetts under 28 U.S.C. § 1391(b)(1).

However, venue also exists in the Eastern District of Virginia because "a substantial part of the events . . . giving rise to the claim occurred" in that judicial district. 28 U.S.C. § 1391(b)(2). In addition, the Court has the authority to order sua sponte that this action be transferred to any juridical court where venue is proper. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court . . . where it might have been brought . . . ."); see also In re Ryze Claims Sols., LLC, 968 F.3d 701, 706 n.5 (7th Cir. 2020) (district court may sua sponte

2

order transfer under 28 U.S.C. § 1404(a)); Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020) (same); Get In Shape Franchise, Inc. v. TFL Fishers, LLC, 167 F. Supp. 3d 173, 204 (D. Mass. 2016) (same).

Here, it is in the interest of justice and for the convenience of parties and witnesses to transfer this action to the Eastern District of Virginia.  The defendant's alleged misconduct occurred in the Eastern District of Virginia and Jarvis resides in the neighboring District of Maryland.  Further, it appears that Jarvis filed this action in the District of Massachusetts on the mistaken assumption that he was required to do so.

Accordingly, for the reasons set forth above, the Court orders that this action be TRANSFERRED to the Federal District Court for the Eastern District of Virginia.  The Court takes no position concerning any action the transferee court takes on Jarvis's motion for leave to proceed in forma pauperis.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE